IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JUSTIN CREDICO | : | CIVIL ACTION | **FILED** |
| | : | | MAR 1 2 '14 |
| v. | : | | |
| | : | | MICHAEL E. KUNZ, Clerk |
| FACEBOOK, INC., et al. | : | NO. 14-881 | By_____ __Dep. Clerk |

MEMORANDUM

SÁNCHEZ, J.                                        MARCH *12th*, 2014

Plaintiff Justin Credico, a prisoner currently incarcerated at the Federal Detention Center in Philadelphia, filed this action against Facebook, Inc., the United States of America, and several federal officers.  The Court initially denied plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) because, on three prior occasions while incarcerated, he had filed a civil action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim.  Plaintiff responded with a motion for reconsideration and a document entitled "§ 1915(g) Motion of Imminent Danger."  For the following reasons, the Court will grant plaintiff's motion for reconsideration, grant plaintiff leave to proceed in forma pauperis, dismiss the complaint for failure to state a claim, and deny the § 1915(g)-related motion.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff's complaint is based on his apparent desire to communicate with the Syrian Electronic Army and learn Arabic. Specifically, he alleges that, "[d]uring the week of Feb. 7th 2014, [he] attempted to access the Syrian Electronic Army

1

Facebook page, only to be infringed in his pursuits to communicate w/ Syrian Electronic Army and also the [his] Arabic educational endevours [sic] were denied." (Compl. ¶ II.D.) He further notes that "[t]hese educational endevours [sic] allow plaintiff to learn Arabic language, especially Arabic computer terms since the Syrian Electronic Army are very intelligent computer coders." (Id.)

It appears that the entire basis for plaintiff's claims against the federal defendants is his allegation that "research online shows that the U.S., FBI, DOJ, et al defendants have sanctioned and blocked and removed the plaintiffs attempts to communicate and learn from (SEA)." (Id.) The complaint refers to the following website as the basis for that allegation: http://thehackernews.com/2013/09/fbi-cyber-division-put-syrian.html?m=1. Plaintiff also baldly alleges that Facebook "conspir[ed] and assist[ed] the government officials [in] violat[ing] [his] rights." (Compl. ¶ II.D.)

At the time he filed this action, plaintiff also filed a motion to proceed in forma pauperis, in which he asserted that he was incarcerated at the Chester County Prison. In a February 18, 2014 memorandum and order, the Court denied plaintiff leave to proceed in forma pauperis on the basis that he was a prisoner who had accumulated three "strikes" for purposes of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). In response to the Court's ruling, plaintiff submitted a motion for reconsideration in which he argued, among other things, that he

2

should not be subject to the PLRA because he was not incarcerated at the time he filed the complaint, even though he was incarcerated shortly thereafter.  He also submitted a second motion, in which he appears to be alleging that he was in imminent danger for purposes of § 1915(g) because the Governor had declared a state of emergency due to snow.

## II. MOTION FOR RECONSIDERATION

A party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  In other words, "a motion for reconsideration addresses only factual and legal matters that the Court may have overlooked."  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (quotations and alterations omitted).

Plaintiff is currently a prisoner for purposes of the PLRA, as he is presently incarcerated at the Federal Detention Center. See 28 U.S.C. § 1915(h).  However, for him to be subject to the PLRA's three strikes provision, § 1915(g), he must have been a prisoner at the time he filed this action.  The complaint is dated February 7, 2014, was mailed on the same date, and was received by the Court on February 10, 2014.  Publicly available criminal dockets reflect that, shortly after mailing the

3

complaint, plaintiff was arrested in Chester County on a bench warrant for a probation violation, and transferred to federal custody on February 12, 2014. CP-15-CR-0003687-2012. Even though plaintiff represented to the Court that he was incarcerated at the time he filed his motion to proceed in forma pauperis, the state-court docket and plaintiff's motion for reconsideration reflect otherwise. Accordingly, as plaintiff was not a prisoner at the time he filed this action, the Court will vacate it's earlier order and grant him leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] As a result, plaintiff's motion relating to whether he has satisfied § 1915(g)'s imminent danger exception is moot.

III. **SCREENING UNDER § 1915(e)(2)(B)**

When a plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That provision requires the Court to dismiss the complaint if it fails to state a claim. Whether a

---

[1]Although it is understandable that plaintiff would want to provide the Court with his prison address if he knew he would be incarcerated shortly after filing this lawsuit, the Court is troubled by the misrepresentations and falsehoods in plaintiff's filings. Plaintiff's motion to proceed in forma pauperis, which he signed under penalty of perjury, represented that he was being held at Chester County Prison; plaintiff did not qualify that representation in any respect. Furthermore, in his complaint, plaintiff represented that he handed his pleading to prison authorities for mailing on February 7, 2014. However, that representation appears to be entirely untrue, as a receipt that plaintiff attached to his motion for reconsideration reflects that he mailed the pleading before he arrived at the Chester County Prison. Although the Court will not sanction plaintiff based on those misrepresentations, he is on notice that further misrepresentations in this or other lawsuits may result in sanctions.

4

complaint fails to state a claim for purposes of §
1915(e)(2)(B)(ii) is governed by the same standard applicable to
motions to dismiss under Federal Rule of Civil Procedure
12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.
1999), which requires the Court to determine whether the
complaint contains "sufficient factual matter, accepted as true,
to state a claim to relief that is plausible on its face."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).
Courts evaluating the viability of a complaint may consider
publicly available records, Buck v. Hampton Twp. Sch. Dist., 452
F.3d 256, 260 (3d Cir. 2006), and should "disregard legal
conclusions and recitals of the elements of a cause of action,
supported by mere conclusory statements."  Santiago v. Warminster
Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted).

     Plaintiff's claims are based his allegation that he was
unable to access the Syrian Electronic Army's facebook page.  The
sole factual basis for his claims against the defendants is his
assertion that online research, i.e., the article cited in his
complaint, establishes that the defendants are responsible for
blocking his access.  However, the article cited by plaintiff
establishes no such thing.  Instead, it simply establishes that
the FBI Cyber Division published a warning concerning the Syrian
Electronic Army's hacking-related activities, and added the group
to their wanted list.  As the sole factual basis for plaintiff's
allegations does not support a plausible claim against the
defendants, the complaint will be dismissed.  Furthermore,

plaintiff's allegations of conspiracy are conclusory.   Plaintiff will not be given leave to amend because amendment would be futile.   See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant plaintiff's motion for reconsideration, vacate its February 18, 2014 memorandum and order, grant plaintiff leave to proceed in forma pauperis, and dismiss the complaint.   An appropriate order follows.

6